UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DEACTRESS MCLEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:21-cv-01188-SHM-tmp |
| | ) | |
| SHERIFF JOHN MEHR, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING CASE;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING MCLEAN OF THE APPELLATE FILING FEE;
NOTIFYING MCLEAN OF THE COURT'S STRIKE RECOMMENDATION UNDER 28
U.S.C. § 1915(g);
AND CLOSING CASE**

On November 18, 2021, Plaintiff Deactress McLean filed (1) a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and (2) a motion for leave to proceed *in forma pauperis* (ECF No. 2). When McLean filed the complaint, he was confined at the Madison County Jail (the "MCJ"), in Jackson, Tennessee. (ECF No. 1 at PageID 2.) On November 24, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 4 (the "IFP Order").) The Court warned that, "[i]f Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address." (*Id.* at Page 3.) McLean has provided three successive notices of change of address, on May 5, 2022 (ECF No. 5.), on June 2, 2022 (ECF No. 6.), and on August 21, 2023 (ECF No. 7). According to his most recent notice, McLean is no longer incarcerated. (ECF No. 7.)

On February 23, 2024, the Court (1) dismissed the Complaint (ECF No. 1) without prejudice for failure to state a claim, and (2) granted leave to amend within twenty-one (21) days. (ECF No. 8 ("the Screening Order") at PageID 25.)  The Clerk mailed a copy of the Screening Order to McLean at his address of record.  The Screening Order warned "[i]f McLean fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment."  (*Id.* at PageID 25.)

McLean's deadline to submit amended claims was Friday, March 15, 2024.  He has not submitted amended claims or sought an extension of time to do so.

For these reasons, and for the reasons discussed in the Screening Order, the Court DISMISSES this case with prejudice in its entirety.  The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  (*See also* ECF No. 8 at PageID 25 (warning McLean that if he failed to amend his claims in a timely manner, the Court would dismiss the case, enter judgment, and recommend that the dismissal be treated as a strike under § 1915(g)).)

Judgment will be entered in accordance with the Screening Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by McLean would not be taken in good faith.  If McLean nevertheless chooses to file a notice of appeal, McLean must either:  pay the entire $605 appellate filing fee; or, if he is confined at that time, submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED this 31st day of July, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE